LATHROP, *appellant, vs.* SMITH, adm'r &c., *respondent.*

Where one dies intestate, without having ever been married, leaving him surviving his father and several brothers, it is erroneous for the surrogate, upon the father's renouncing the administration, to appoint a creditor of the deceased administrator, so long as there are brothers of the intestate living, who have not renounced.

The decision of the surrogate of New York, upon this question, in the *Matter of the Estate of Emma Hughes* (1 *Bradf.* 100) disapproved.

THIS is an appeal from an order of the surrogate of Oswego, appointing the respondent administrator of E. T. Lathrop, deceased. The decedent died intestate, never having been married, leaving him surviving his father and several brothers. The father renounced the administration, and the defendant, a creditor and brother-in-law of the deceased, was appointed administrator without notice to the brothers, and the appellant, one of the brothers, appealed from the order making the appointment.

*Churchill & Curtiss,* for the appellant.

*B. B. Burt,* for the respondent.

*By the Court,* ALLEN, J.   Before the statute of *Westm.* 2, *ch.* 19, the ordinary had the absolute disposal of intestates' estates.   By that statute they were subjected to an action at the suit of creditors.   This induced the practice of placing the administration in other hands, taking an indemnity.   Subsequently, by statute 31 *Edw.* 3*d, c.* 11, the ordinaries were required to depute the next and most lawful friend of the deceased person intestate to administer his goods, which deputies should have an action to recover the goods, &c. of the intestate ; to administer and dispend for the soul of the dead, and should answer in the king's court to others to whom the dead person was holden, &c.   By the 21 *Hen.* 8, *ch.* 5, § 3, in case of intestacy, the ordinary or other person having authority to take probate of testaments, was required to grant

Lathrop v. Smith.

the administration of the goods of the person deceased to the widow of the same person deceased, or to the next of his kin, or to both, as by the discretion of the same ordinary should be thought good. And in case divers persons claimed the administration as next of kin, which were equal in degree of kindred to the person deceased, and when any person only desired the administration as next of kin, where divers persons were in equality of kindred, the ordinary had his election, and was at liberty to accept any one or more making request. And where but one or more of them and not all being in equality of degree made request, then the ordinary was to admit the widow and him or them only making the request, or any of them, at his pleasure. The common law adjudged the best friends of the deceased to be, 1st. The husband and wife; 2d. The son or daughter or their children; 3d. The father or mother; 4th. Brothers or sisters or their children; 5th. Uncles and aunts. And the ordinary was compellable to grant administration to them in their several orders. But he had by statute liberty of granting administration to the wife or next of kin, or when there were several in an equal degree of kindred, to prefer whom he pleased, which came to be a matter of great advantage to the ordinary, the discretion being exercised for his own profit. (*Bacon's Abr., Executors and Administrators, F.* 2 *Bl. Com.* 495, 504.) The statutes of 31 *Edw.* 3*d* and 21 *Hen.* 8*th* were substantially copied in this state. (2 *Kent's Com.* 409, 411. 1 *R. L.* 314, § 17. *Id.* 445, §§ 3, 5.) The same order was observed in granting administration among them of different degrees of kindred, and the same discretion was vested in the surrogate to elect out of the next of kin to the intestate any one in an equal degree, and grant to such person sole administration. (*Taylor* v. *Delancy*, 2 *Caines' Cas. in Er.* 143.) The revised statutes have not essentially changed the rule. The design of the revisers was not to take from any of the next of kin the right to administer upon the estate of a deceased relative in the order of affinity, but to define and limit the discre-

tion of the surrogate so far as it could be regulated, and to simplify the statutory provisions.    They say that the proposed section, and which was enacted as reported, was the same as the corresponding provision of the revised laws, before quoted, " much simplified, according to the practice and the law as now understood ; and many occasions respecting preferences, removed." (3 *R. S.* 2d ed. 636.)    An occasion of contest was removed, which was the ground of appeal in *Taylor* v. *Delancy,* by giving preference to males over females, among those of equal degree, and relatives of the whole blood are preferred to those of half blood, and unmarried to married women.    (2 *R. S.* 74, § 28.)    Chancellor Kent regarded the revised statutes as containing the former rules regulating the order in which the next of kin were entitled to administer. And it did not occur to him that a right to participate in the distribution of the estate was a statutory qualification of the right to administration.    He says, " Administration is directed by the New York revised statutes to be granted to the husband, on the wife's personal estate, and in other cases to the widow and next of kin, or to some one of them, if they or any of them will accept, in the following order ; first, to the widow, &c.," naming the order prescribed by statute. (2 *Kent's Com.* 410.)    If any of the next of kin named in the statute will accept, they are first entitled, and cannot be set aside without their consent, except on notice to them.    (*Coope* v. *Lowerre,* 1 *Barb. Ch. Rep.* 45.)    The right of the next of kin has ever been recognized, irrespective of the right to participate in the estate to be administered, although in the the order of preference established those entitled to share have been preferred, and the preference has been in the order in which they would share in the distribution ; yet those having a preference renouncing, other next of kin have been preferred to general creditors, or the government.    This right should not be taken away upon a doubtful construction of a statute having for its proposed object a simplification of the law, and to carry it into effect as it had been understood and

Lathrop v. Smith.

acted upon. Had the revisers, or the legislature, intended to make so radical a change in the law regulating the granting of letters of administration, it would not have been left in doubt upon the language of the statute, or in the notes of the revisers. The act is very explicit. It declares (2 R. S. 74, § 27) that administration in case of intestacy shall be granted to the relatives of the deceased who would be entitled to succeed to his personal estate, if they or any of them will accept the same, in the order prescribed, and declares that "if none of the said relatives or guardians will accept the same," then it shall be granted to the creditors of the deceased. The qualification of the class entitled to administration by the insertion of the clause, "who would be entitled to succeed to his personal estate," does not limit the class to those who in a given case do succeed. The authors of the act better understood the structure of the language, and were in the habit of more clearly expressing their intent. It is only indicative of the intent to include within the term "relatives," as used in the section, all who might, under any circumstances, be entitled under the statute of distributions to share in the personal estate, and the expression may have full effect given to it by making it refer to those who would succeed, if all the classes having a preference and first mentioned were out of the way. If the intent had been to exclude all who could not succeed to the estate, it would have been made clear in the clause giving the right to creditors. Instead of reading as it now does, and broadly intimating the right of all the next of kin to be preferred to creditors, "if none of the said relatives or guardians will accept," it would have read, "if none of the relatives entitled to succeed," &c. accept, it shall be granted to creditors. Again, the whole framework and construction of the section negatives the idea contended for by the respondent's counsel. The entire provision could have been comprehended in a very brief sentence directing administration among relatives, in preference to creditors, only to be granted to those entitled to

succeed to the personal estate. The particular classification is useless, and worse than useless, upon the construction contended for, as it only tends to confuse and mislead. The only doubt I have had upon the construction of the statute has grown out of the adverse decision of the late surrogate of New York city, *In re Emma Hughes,* (1 *Bradf.* 100.) The great respect I entertain for that very able judge, has induced me to hesitate before pronouncing against his opinion. But my convictions are so strong that I cannot yield them to his judgment. I am constrained to think that in the press of business, and perhaps biased unconsciously by the fact that ordinarily the public administrator is the safest custodian and distributee of estates, he has not given to the subject all the consideration which he is accustomed to bestow upon questions, and which have so deservedly given his judgments an authoritative position in the jurisprudence of the state.

I think the order of the surrogate must be reversed, and the letters to the respondent annulled.

[ONONDAGA GENERAL TERM, January 1, 1861. *Bacon, Allen, Mullin* and *Morgan,* Justices.]