NEW YORK COUNTY. — HON. D. C. CALVIN, SURROGATE.—
May, 1878.

KIRCHEIS v. SCHEIG.

*In the matter of the estate of* LOUISE KIRCHEIS,
*deceased.*

Where there were neither residuary, principal nor specific legatees of a testatrix, who could receive letters testamentary and accept administration, with the will annexed, and sisters of the half-blood, who were not beneficiaries under the will, were the only next-of-kin, — *Held,* that the issue of letters to one of them was proper, and that

they could not be revoked on the petition of one who claimed as the principal beneficiary under the will of the sole legatee of the testatrix.

THE petition of Mary N. Kircheis alleged that the testatrix died in June, 1877, leaving a last will and testament, which was duly probated, whereby she devised and bequeathed all her property to Charles A. Kircheis, who died in January, 1878, leaving a will, whereby he devised and bequeathed all his real and personal estate, except certain specific bequests, to the petitioner, which will was also probated; that Charles A. Kercheis left no personal property which had not been bequeathed to him by the testatrix, except a savings bank book and a piano; that the testatrix had left no debts outstanding; and that Augusta Scheig, a sister of the half-blood of the testatrix, applied for and procured letters of administration, with the will annexed, of the testatrix, which the petitioner alleges were improperly granted, and void, and applied for from unworthy motives, and prayed that the letters be recalled and cancelled. It appeared that the testatrix left three sisters of the half-blood, the only next-of-kin.

JACOB A. GROSS, *for the petitioner.*

D. R. JAQUES, *for the administratrix.*

THE SURROGATE.—The question as to the motives of the application does not seem to need any consideration, and the only question is, whether the letters were properly issued to the sister of the half-blood.

By the Revised Statutes (2 *R. S.,* p. 74, § 27) it was provided that administration, in case of intestacy, should be granted to the relatives of the deceased, who would be entitled to succeed to his personal

estate if they or any of them would accept the same, in the order therein mentioned, (sisters being named under the fifth subdivision), and that if no such relatives would accept, then the creditors; except in the city of New York, where the Public Administrator is preferred over creditors.

In Lathrop *v.* Smith (24 *N. Y.*, 417), decided in June, 1862, it was held that the relatives of the deceased were entitled to administration, though not entitled to a distributive share when the letters were granted. Judge Davies, in the opinion the court (p. 420), says: " The true construction of the statute would therefore seem to be, that all persons who might be entitled to participate in the distribution of the estate have the first right to administer, in the order named in the statute."

By chapter 362 of the *Laws of* 1863 (p. 607, § 3), the 27th section (above cited) was amended by adding thereto, " this section shall not be construed to authorize the granting of letters to any relative not entitled to succeed to the personal estate of the deceased, as his next-of-kin, at the time of his decease."

By chapter 782 of the *Laws of* 1867 (vol. 2, p. 1927, § 6), the 27th section (above referred to) was again amended so as to read precisely in conformity to that section prior to the amendment of 1863, thus restoring the original statute, which received the construction of the Court of Appeals in Lathrop *v.* Smith (above), and which seems to be binding on this court as an authority directly upon the point.

By the Revised Statutes (2 *R. S.*, 71, § 14) it is

provided that letters testamentary and administration, with the will annexed, shall be granted to the residuary legatees, if any; if none who will accept, then to any principal or specific legatee, if any, and if there be none that would accept, then to the widow and next-of-kin of the testator, or to any creditor, in the same manner, and under like regulations, as letters of administrations in case of intestacy.

As there is, in this case, neither residuary, principal or specific legatee who can accept, and there being no next-of-kin except the sisters of the half-blood, the administratrix appointed seems to be entitled, as such next-of-kin, to letters.

The petition should be dismissed. Let an order be settled on one day's notice.