NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—June, 1882.

BUTLER v. PERROTT.

*In the matter of the estate of* JOHN BUTLER, *deceased.*

A present right to participate in the distribution of the personal property of
an intestate is not an essential qualification of one claiming, as a rela-
tive, letters of administration on his estate. The right, to such letters,
of *any* person of the blood of the intestate, not disqualified, is superior
to that of the public administrator.

The provisions of R. S., part 2, ch. 6, tit. 2, § 27 (3 Banks, 7th ed.,
22.30), enumerating, in order, the persons entitled to letters of adminis-
tration in intestacy,—construed.

THIS was an application in behalf of Sarah Butler and
others, next of kin of decedent, for the revocation of let-
ters of administration issued out of this court to Richard
Perrott, nephew of decedent's grandmother. Further
facts appear sufficiently in the opinion.

LEO C. DESSAR, *for Sarah Butler and her children.*

H. T. KETCHAM, *for Richard Perrott.*

THE SURROGATE.—The decedent, who was late a resi-
dent in this city, died intestate in February last. Letters
of administration upon his estate were thereafter issued
out of this court to his grandmother's nephew, Richard
Perrott. I am now asked to revoke those letters, upon the
ground that Perrott is not lawfully entitled to them.

Several persons have survived the decedent, who were
far more nearly related to him than this respondent—
among them are his mother, two brothers and a sister.

If immediate distribution were made of his estate, these near relatives would be entitled, under our statute of distribution, to succeed thereto, to the entire exclusion of this respondent and of everybody else. But it happens that none of these persons, thus entitled to distributive shares, are citizens of the United States, or reside within the State of New York. They are, therefore, legally incapable of receiving letters of administration (Rev. Stat., part 2, chap. 6, title 2, sec. 32; *3 Banks, 7th ed., 2291*).

With the exception of the respondent's mother, Mrs. Ann Perrott, he himself is the nearest relative of the decedent who is not disqualified by alienage from administering on this estate. Mrs. Perrott has filed a renunciation of her claim, so that her son's title to the letters is undisputed, so far as relates to prior rights of any relatives of the decedent nearer of kin than himself. It is insisted, however, that, as such nearer kindred are in existence, and, although aliens, are entitled to this estate to the exclusion of the respondent, he has no lawful right to the letters which have been granted, and should be required to surrender them to the Public Administrator. The claim rests upon a disputed construction of the statutory provision relating to the administration of estates (Rev. Stat., part 2, chap. 6, title 2, sec. 27). That provision is as follows: "Administration in case of intestacy shall be granted to the relatives of the deceased who would be entitled to succeed to his personal estate, if they or any of them will accept the same, in the following order: First, to his widow; second, to his children; third, to the father; fourth, to the mother; fifth, to the brothers; sixth, to the sisters; seventh, to the grandchildren; eighth to any other next of kin who would be entitled to share in

the distribution of the estate. . . . . . If none of the said relatives . . . will accept the same, then to the creditors of the deceased . . . . In the city of New York, the Public Administrator shall have prefer-ence after the next of kin, over creditors and all other persons."

The eighth or last class, whose claim is prior to that of the Public Administrator, consists, as has already been stated, of "any other next of kin who would be entitled to share in the distribution of the estate."

The petitioner construes the words "would be" as equiv-alent to the word "is," and insists that the question whether, in any given case, a decedent's kinsman has a better right than a stranger to administer upon his estate, is solved by ascertaining whether, at that very time, such kinsman is entitled to succeed to such estate in whole or in part.

The respondent maintains, on the contrary, that the expression "would be" should be construed substantially as if the words "in any contingency" immediately fol-lowed, and that any person who is a relative of the de-cedent, and who, therefore, would be entitled to some dis-tributive share in his estate, if all nearer kindred were deceased, is for that reason entitled to take letters of ad-ministration, unless they are solicited by or on behalf of some person more nearly related to his deceased kinsman, and having therefore pretensions superior to his own.

In other words, the respondent claims that the right of the Public Administrator is inferior to that of any rela-tive of the decedent who asks for letters, while the peti-tioner contends that if, in the list of persons presently en-titled to succeed to the estate, no one is found who can

and will administer, the Public Administrator has a right which is superior to that of any other person whomsoever.

The statute in question is awkward in its phraseology, and it is not strange that there have been conflicting opinions as to which of these two interpretations is correct. Some of its language seems to demand one construction, and some the other.

In the well known case of the Public Administrator v. Watts (*1 Paige, 382*), decided in 1829, Chancellor Walworth declared that a person had no claim to administration unless he had an immediate interest in the estate as next of kin; that relationship nearer than that of any other person residing in the United States gave him no title whatever, if it fell short of that standard; and that if the next or nearest of kin was legally disqualified or refused to act, the claim of the Public Administrator became paramount. This was in some sense an *obiter* decision, for the Chancellor held that the person whose claim to letters he refused to recognize was not, in fact, the decedent's kinsman, either near or remote, being only distantly connected with him by marriage.

Surrogate Bradford passed upon the same question twenty years later (in 1849), holding, in the case of The Public Administrator v. Peters (*1 Bradf., 100*), that a relative of a decedent had no better claim than a stranger, unless his interest in the estate was such that, if division should be made at once, he would be entitled to a distributive share. This decision was overruled in 1861, by the Supreme Court, General Term, in the Fifth District, in the case of Lathrop v. Smith (*35 Barb., 64*). The contrary doctrine there maintained was soon afterward re-

asserted by the Court of Appeals (*24 N. Y., 420*), and it was distinctly declared that a present right to participate in the distribution of an estate was not, as it had formerly been held, an essential qualification for an administrator claiming as a relative of the decedent, but that the right of any person who was of the decedent's blood was superior to that of the Public Administrator.

I do not find that this doctrine has ever since been questioned. On the contrary, it is more authoritative now than when it was first announced. Within a few months after the decision of the Court of Appeals was published, the Legislature amended that provision of the Revised Statutes which is under discussion, by adding to it the following words: "This section shall not be construed to authorize the granting of letters to any relative not entitled to succeed to the personal estate of the deceased as his next of kin at the time of his decease" (sec. 3, chap. 362, *Laws 1863*). Four years later, the Legislature again amended this same section of the Revised Statutes, by restoring *verbatim* its original words and eliminating all those which had been inserted in 1863 (sec. 6, chap. 782, *Laws 1867*). This was a striking and unequivocal sanction by the Legislature of that construction which the provision in question had previously received from the Court of Appeals (People v. Green, *56 N. Y., 466*). The petition for revocation of letters must therefore be denied.

Ordered accordingly.