Application granted.

---

Matter of the Application for Letters of Administration on the Goods, Chattels and Credits of FLORENCE P. McGUIRE, Deceased.

(Surrogate's Court, Bronx County, March, 1921.)

Guardians — infants — guardian of property has preference over guardian of person in being appointed administrator.

The guardian of the estate of an infant, who is the sole surviving next of kin of his deceased mother, will be appointed

administrator of her goods, chattels and credits in preference to another who, as the guardian of the infant's person, has no authority to receive, hold or manage the infant's property.

PROCEEDINGS on application of a guardian of an infant for appointment as administrator of the estate of the infant's mother.

Edward J. McGuire, for petitioner, Irving National Bank.

Francis S. McAvoy (George H. Taylor, Jr., of counsel), for petitioner, Mary L. O'Sullivan.

SCHULZ, S.    The guardian of the estate of an infant applied for appointment as administrator of the goods, etc., of his deceased mother of whom such infant is the sole surviving next of kin. The guardian of the infant's person files a similar petition praying for her appointment.

After stating the order in which administration shall be granted upon estates of a decedent, section 2588 of the Code of Civil Procedure, so far as material to this controversy, provides that " If a person entitled to take all the personal estate is an infant, * * * his guardian * * * shall have a prior right to letters in his place and stead." The infant in question being the sole next of kin of the decedent and being entitled therefore to take all of her personal estate (Decedent Estate Law [Cons. Laws, ch. XIII], § 98, subd. 4) it follows that his guardian is entitled to such appointment.

The term *guardian* as used in chapter XVIII of the Code applies to general guardians and a general guardian is stated to be " one appointed by the supreme, or surrogate's court, for an infant, either over or under fourteen years of age." Code Civ. Pro. § 2642. The Surrogate's Court has jurisdiction to appoint a general guardian of the person or of the

Surrogate's Court, Bronx County, March, 1921. [Vol. 115.

property or both. Code Civ. Pro. § 2643. As both of the guardians were appointed by the Surrogate's Court they are both general guardians, and hence the term guardian as used in section 2588 applies to them.

As the guardianship of the person and the guardianship of the estate, however, are not lodged in the same individual or corporation, the question presented is which of the guardians is entitled to such appointment as administrator, or if both are so entitled, which one should have a preference over the other. I have been unable to find any reported decision in which the matter has been determined and none has been drawn to my attention.

From an examination of section 2588, *supra,* it is evident that the right to appointment has been made dependent upon the right to take or share in the personal property of the decedent.

While it was held in *Matter of D'Adamo,* 212 N. Y. 214, that the decision in *Lathrop* v. *Smith,* 35 Barb. 64; 24 N. Y. 417, to the effect that an interest in the estate was not a prerequisite to appointment, was applicable to section 2660 of the Code of Civil Procedure, the latter being the section now known as section 2588, the learned judge writing the opinion stated that radical changes had been made by the revision of 1914 (Laws of 1914, chap. 443) and that the result of such amendments will be to establish a new rule hereafter. This further appears from the note to the section in question contained in the report of the commission to revise the practice and procedure in Surrogates' Courts transmitted to the legislature on February 9, 1914, in which it is stated that " The general intention of the changes is to give only persons interested the right to administer." As a general rule it is also to be observed that the order of appointment depends, with one or two exceptions, upon the size of the shares to which the respective next

Misc.]    Surrogate's Court, Bronx County, March, 1921.

of kin are entitled.  This is confirmed in subdivision 8 of the section in question to the effect that among the next of kin other than those named in subdivisions 1–7, preference shall be given to persons entitled to take the largest share in the estate.

The guardian of the estate of the infant is entitled to receive and to hold and conserve the property of the infant and in that capacity would be entitled to receive the distributive share to which the said infant is entitled out of the estate of his deceased mother. The guardian of the infant's person has no authority by virtue of her position as such to receive, hold or manage the infant's property.  I am therefore of the opinion that under the sections of the code above referred to, the guardian of the estate of this infant has a preference in appointment over the guardian of the person.  If it be assumed, however, that no such preference exists and that both of these guardians have an equal right to such appointment, then in view of the facts above stated and because the guardian of the estate is also the executor of and trustee under the last will and testament of the deceased father of the infant and that its appointment will prevent the necessity of giving a bond, tend to facilitate the administration of the estate and keep down the expenses of such administration, I feel that the best interests of all concerned will be served by appointing such guardian as administrator under the provisions of section 2588, *supra;* that " if there are several persons equally entitled to administration, the surrogate may grant letters to one or more of such persons."

The application of the guardian of the estate of the infant will, therefore, be granted and that of the person of the infant denied.

**Decreed accordingly.**