In the Matter of the Estate of PASQUALE FIUMARA, Deceased.

Surrogate's Court, New York County, December 10, 1925.

**Executors and administrators — letters of administration — application for limited letters of administration on estate of Italian decedent, leaving widow and son in Italy — decedent's brother has no interest as distributee and is not entitled to letters under Surrogate's Court Act, § 118 — Italian Consul representing widow and son entitled to letters — said Consul entitled to appointment as administrator pursuant to provisions of Consular Convention of June 1, 1910 (37 U. S. Stat. at Large, pt. 2, 1488).**

Upon an application for limited letters of administration on the estate of the decedent, an Italian, who died a resident of New York county leaving a widow

and son in Italy, the Italian Consul representing said widow and son is entitled to said letters of administration since, under the Decedent Estate Law, said widow and son are the only persons entitled to take or share in the estate; decedent's brother has no interest whatsoever as a distributee.

Moreover, said consul, pursuant to the provisions of article XIV of the Consular Convention of June 1, 1910 (37 U. S. Stat. at Large, pt. 2, 1488) between the United States and Sweden, is entitled, under the "most favored nation clause," to the rights possessed by the Swedish consul and has, therefore, the "right to be appointed as administrator" of the estate herein.

Section 118 of the Surrogate's Court Act, makes the right to take or share in the personal property of the decedent a prerequisite to the granting of letters of administration.

APPLICATION for limited letters of administration.

*Herbert E. Kronfeld,* for the petitioner.

*Ralph Atkin,* for the Italian consul.

FOLEY, S.   A dispute has arisen in this proceeding for limited letters of administration.   The Consul General of Italy at New York, who claims to represent as his nationals the widow and son of decedent, who are the only distributees entitled to the estate, asserts his right to letters in their behalf.   The widow and son reside in Formia, Caserta, Italy.   The brother of decedent, a resident of New York county, likewise claims letters under section 118 of the Surrogate's Court Act.   The decedent died a resident of New York county on June 14, 1924.   I hold that the letters should issue to the Italian Consul.

Under section 118 of the Surrogate's Court Act (formerly Code Civ. Proc. § 2588) the right to take or share in the personal property of a decedent is made a prerequisite to the granting of letters of administration.   (*Matter of McGuire,* 115 Misc. 84.)   Such was the expressed intention of the revisers of Surrogate's Court Practice in 1914, for in their note to section 2588 (now Surrogate's Court Act, § 118) they said: " The general intention of the changes is to give only persons interested the right to administer."   This intent found expression in the change of the word " relatives " in former section 2660 of the Code of Civil Procedure, to the words " persons entitled to take or share in the personal property " when revised into section 2588 (now Surrogate's Court Act, § 118).   Nor do the words in subdivision C of paragraph 6 of section 118 of the Surrogate's Court Act, permitting the grant of letters, if there is no person entitled to take or share in the estate, " to any other person or persons," comprehend a person not a distributee.   Again the revisers' note throws light upon the meaning of this phrase, for they stated that subdivision C was intended to include only persons interested in the estate, including undertaker, creditor and one interested in action about to be brought.

Since the decedent was survived by a wife and son, they were the only persons, under the Decedent Estate Law, entitled to take or share in the estate. The decedent's brother has no interest whatsoever as a distributee. While in *Matter of D'Adamo* (212 N. Y. 214), decided in July, 1914, the Court of Appeals directed the issuance of letters of administration to a brother of decedent who was not entitled to share in the estate, in preference to a foreign consul, the decision was based, following the case of *Lathrop* v. *Smith* (35 Barb. 64; 24 N. Y. 417), upon the language of section 2660 of the Code of Civil Procedure then in effect. Judge CARDOZO, writing the opinion for the court, added, however, the following significant observation: " By chapter 443 of the Laws of 1914, which will take effect on September 1, 1914, section 2660 of the Code of Civil Procedure has become section 2588, and radical changes have been made in it. The result of these amendments will be to establish a new rule hereafter. Discussion of the reasons for our construction of the old rule would, therefore, serve no useful purpose. Confining ourselves to the statute as it read before the amendment of this year, we hold that unless a treaty stands in the way, the brother, Giovanni D'Adamo, is entitled to the grant of letters."

It should be noted also that by section 2588, the order of priority of appointment was so changed as to provide for the granting of letters to the persons entitled to take or share in the exact order in which they were entitled to take or share under our Statute of Distribution. The decree should, therefore, provide for the issuance of letters to the Italian Consul. He is entitled under the " most favored nation " clause to the same rights possessed by the Swedish Consul under article XIV of the Consular Convention concluded June 1, 1910 (37 U. S. Stat. at Large, pt. 2, 1488) between the United States and Sweden, which grants him the right to " so far as the laws of each country will permit and pending the appointment of an administrator and until letters of administration have been granted, take charge of the property left by the deceased for the benefit of his lawful heirs and creditors and, *moreover, have the right to be appointed as administrator of such estate.*"

Submit decree accordingly.