In the Matter of the Application for Letters of Administration upon the Estate of NICHOLAS FABIO, Also Known as NICOLA DI FIBI, Deceased.

Surrogate's Court, Saratoga County, May 23, 1929.

*Frank A. Tate,* for the petitioners Michael DeMarco and James Fabio.

*Thomas F. McDermott,* for Germano P. Bacelli, Italian Consul.

*Hannibal Pardi,* for the petitioner Michael DeMarco.

TUCK, S. On December 21, 1928, a petition was filed by Michael DeMarco claiming to be a creditor, alleging the jurisdictional facts and particularly that the deceased left him surviving a mother and two sisters residing in the Kingdom of Italy.

James Fabio presented a petition on January 4, 1929, alleging the jurisdictional facts and particularly that the deceased left a mother and two sisters residing in the Kingdom of Italy and left the petitioner a cousin and creditor and that Michael DeMarco is also a creditor.

A petition was thereafter and on the 24th day of January, 1929, presented by Germano P. Bacelli, Italian Consul at Albany, N. Y., alleging the jurisdictional facts and claiming a right to administration of the estate of the said deceased by reason of the fact of the intestate having died a subject of the Kingdom of Italy.

Michael DeMarco filed a petition on the 28th day of January, 1929, alleging the jurisdictional facts and particularly that the deceased left a mother residing in the Kingdom of Italy and claiming that the petitioner was a preferred creditor.

A citation was issued on January 4, 1929, upon the petition of James Fabio, directed to the mother and sisters of the deceased, to Michael DeMarco, Hon. Will W. Blackmer, Saratoga county treasurer, and Germano P. Bacelli, Italian Consul, which citation was returnable on the 14th day of January, 1929.

A citation was issued January 4, 1929, on the petition of James Fabio, directed to the same persons and returnable on the 24th day of January, 1929.

Thereafter the matter was adjourned from time to time and the various petitioners appeared and made proof of the existence of the jurisdictional facts before the court and submitted authorities in behalf of their various claims for letters of administration.

The latest authority upon the subject of the rights of Consuls and others in respect to estates of decedents, national of foreign countries, is reported in *Matter of Fiumara* (127 Misc. 794). Surro-

gate FOLEY clearly outlines the rights of Consuls and others to administration in such cases. In *Matter of Fiumara*, the right of the Italian Consul, representing as his nationals the widow and the sons of the decedent, was disputed by a brother of the decedent.

Surrogate FOLEY properly held that the Italian Consul was entitled to letters of administration since under the Decedent Estate Law, the persons represented by him were the only persons entitled to take or share in the estate.

The decision in the *Fiumara* case seems in all respects to be applicable to the present case. Under section 118 of the Surrogate's Court Act, as well as pursuant to the provisions of article 14 of the Consular Convention of June 1, 1910 (37 U. S. Stat. at Large, pt. 2, 1488), under the most favored nation clause where a right to be appointed as administrator of such estate is granted, the Consul has a right superior to relatives who do not share in decedent's estate.

The applications of Michael DeMarco and James Fabio for letters of administration are denied.

The application of Germano P. Bacelli, Italian Consul, for letters of administration is granted.

Submit decree accordingly.