**Glendon SHEARER, Plaintiff
and Appellee,**

v.

**James Leroy COATS, Defendant
and Appellant.**

**No. 16177.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 29, 1988.

Decided Jan. 11, 1989.

---

Kenneth E. Barker of Stephens, Quinn & Buckmaster, Belle Fourche, for defendant and appellant.

Robert L. Varilek, Rapid City, for plaintiff and appellee.

SABERS, Justice.

James Coats (Coats), a minor, appeals the denial of his motion to vacate a default judgment.

### Facts

On July 6, 1987, a vehicle operated by Coats collided with the rear wheel of a horse-drawn buggy. The accident occurred on the main street of Wall, South Dakota, approximately twenty minutes after sunset. Coats was driving a car owned by his step-father, Myron Beach (Beach). The buggy was owned by Glendon Shearer (Shearer) and used as a tourist attraction to transport visitors around the City of Wall. The buggy was empty except for the driver, an employee of Shearer.

The buggy had two rear reflectors but no lights or other safety markings. It is disputed whether Coats had his lights on at the time. Coats told police that he was not paying much attention as he was looking for a friend. It is unclear whether he failed to see the buggy in time because of his inattention or because the buggy was not well marked.

Neither party sustained injuries in the accident, however, the buggy was damaged in the amount of $955. Shearer also claimed loss of revenue for sixty days while the buggy was being repaired. He valued this loss at $7,560. Beach's insurer refused to settle with Shearer, claiming Shearer was contributorily negligent in failing to have a slow moving vehicle emblem on the buggy in violation of statutory law. Shearer commenced an action alleging negligence against Coats and claiming damages in the amount of $8,515. The summons and complaint were served upon Coats and his mother, who forwarded them to a local insurance agent. The agent sent them to the claims office in Sioux Falls where they were filed. The complaint was overlooked by the claims office and an answer was never filed. Shearer moved for and was granted a default judgment sixty days after the complaint was filed. Upon receiving notice of the default judgment, Coats moved to vacate the judgment. The trial court denied the motion and Coats appeals. We reverse.

### Default judgment was improperly entered under SDCL 15–6–55(b)(1).

A motion to vacate a default judgment is reviewed by this court under the abuse of discretion standard of review. *Peterson v. La Croix*, 420 N.W.2d 18 (S.D. 1988); *Haggar v. Olfert*, 387 N.W.2d 45 (S.D.1986). However, default judgments are not favored in the law because they prevent a trial on the merits. *Eby v. Misar*, 345 N.W.2d 381 (S.D.1984); *National Surety Corp. v. Shoemaker*, 86 S.D. 302, 195 N.W.2d 134 (1972). Therefore, we are more inclined to reverse a trial court's failure to vacate a judgment where a judgment was obtained by default than where a judgment was obtained by trial on the merits. *Eby, supra.*

SDCL 15–6–55(b)(1) sets out the requirements for judgment by default and provides in part:

> In all cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented *in the action* by a general guardian or guardian ad litem *who has appeared therein.* (emphasis added).

Coats argues that the court failed to follow the proper procedure for entry of default judgment against an infant under SDCL 15–6–55(b)(1).

Coats concedes that service of process was proper in this case. He also concedes that his mother is his general guardian. However, Coats argues that he was an unrepresented infant within the meaning of the statute because no appearance was made in the action on his behalf prior to entry of default judgment. Shearer does not dispute that Coats was an infant, but

argues that Coats was represented by his mother as a general guardian.

 SDCL 30–26–1 defines a guardian as "a person appointed to take care of the person or property of another." The statute further defines a general guardian as "the guardian of the person, or of all the property of the ward within this state, or of both." SDCL 30–26–5 requires that an order appointing a guardian must be entered as a decree of the court. Coats' mother was never appointed as his guardian by the court, and was not a general guardian under SDCL 15–6–55(b)(1).

■ In addition, no appearance was made on Coats' behalf. SDCL 15–6–55(b)(1) clearly requires that an appearance be made by a general guardian or guardian ad litem on behalf of an infant or incompetent person prior to entry of default judgment. "The term "appearance" is used ... to ... designate the overt act by which one against whom suit has been commenced submits himself to the court's jurisdiction[.]" 5 Am.Jur.2d *Appearance* § 1 (1962); *see also Rogers v. Penobscot Mining Co.*, 28 S.D. 72, 132 N.W. 792 (1911). There was no such act on behalf of Coats. Absent an appearance, the infant or incompetent person is unrepresented, and default judgment may not be entered under SDCL 15–6–55(b)(1).

In *Adam v. Van Buren*, 315 N.W.2d 319, 320 (S.D.1982), we stated:

> Once proper service of process is made and proof thereof filed, the court is authorized to enter a default judgment against a defendant when the record shows by affidavit of default that he has been served, but has failed to plead or otherwise defend the action within thirty days of service *and that he is not an unrepresented infant or incompetent.* (emphasis added).

Shearer failed to show by affidavit that Coats was *not* an unrepresented infant. No guardian was appointed for Coats and no appearance was made on his behalf prior to entry of default judgment. SDCL 15–6–55(c) provides that a default judgment may be vacated in accordance with SDCL 15–6–60(b) upon a showing of good cause.

One of the grounds for relief from default judgment under SDCL 15–6–60(b) is where the judgment is void. The requirements of SDCL 15–6–55(b)(1) were not met prior to entry of default judgment and the judgment is void. The trial court abused its discretion in not granting Coats' motion to vacate the default judgment.

REVERSED.

All the Justices concur.