LATHROP *v.* SMITH, Administrator, &c.

The relatives of a decedent are entitled to administer upon his estate under the statute (2 R. S., p. 74, § 27), although not entitled to a distributive share when the letters are granted.

*Held*, accordingly, that, where the father of the decedent, who was entitled to his personal estate, had renounced, the brother was entitled to administration before a creditor.

*The Public Administrator* v. *Peters* (1 Bradf., 100), overruled.

APPEAL from the Supreme Court. E. Thomas Lathrop died leaving a father and brother, and the appellant being a creditor of the deceased, applied by petition to the surrogate of Oswego county for letters of administration. The father of the deceased having renounced administration, the surrogate granted letters to the appellant, without the issuing or service of any citation to the brother of the deceased. On appeal, the Supreme Court at general term reversed the decision of the surrogate, holding that the surrogate should have cited the brother of the decedent, before granting letters to the appellant.

*B. B. Burt*, for the appellant.

*John C. Churchill*, for the respondent.

DAVIES, J. It is provided by statute, that when any person shall apply for administration either with the will annexed, or in case of intestacy, and there shall be any other person having prior right to such administration, the applicant shall produce, prove and file with the surrogate, a written renunciation of the persons having such prior right. If he fail to do so, before any such letters shall be granted, a citation shall be issued to all persons having such prior right, to show cause, at a day to be therein specified, why administration should not be granted to such applicant. (2 R. S., p. 76, § 35.) Section 27 declares that administration in cases of intestacy shall be granted to the relatives of the deceased who would be entitled to succeed to his personal estate, if they or any of them will accept the same in the following order: First, to the widow; second, to the children; third, to the father; fourth, to the brothers; fifth, to the sisters; sixth, to the grandchildren; seventh, to any other of the next of kin who would be entitled to share in the distribution of the estate. If any of the persons so entitled be minors, administration shall be granted to their guardians: if none of the said relatives or guardians will accept the same, then to the creditors of the deceased. (2 R. S., p. 74, § 27.) In case of intestacy, the assets of the deceased, after payment of his debts, shall be distributed to the widow, children or next of kin of the deceased: one-third to the widow, and the residue among the children, or such as represent them, if any of them have died. If the deceased leave a father and a widow, the father shall take a moiety, and if no widow, the whole. If he leave no widow, then the whole is to be distributed among his children, and such as legally represent them. If the deceased shall leave no widow, or child, or representative of a child, then the whole is to be distributed to the mother and brothers and sisters, or the representatives of such brothers and sisters. (2 R. S., p. 96, § 75.)

Lathrop v. Smith.

It would be difficult to use language more explicit than that contained in the 27th section, to designate those to whom letters were to be granted. In case of intestacy, the persons, who were by law entitled to participate in the distribution of the personal estate, were first to be preferred. They were naturally the best friends of the deceased, and most interested in the preservation of the estate, and in its proper management. But as, by the statute of distributions, the persons thus entitled would stand in different degrees of relationship and nearness to the deceased, it was necessary, in the view of the reviser who reported this section, to simplify the proceeding and conform it to the law and the practice as then understood. For this reason, the order of preference was arranged, although in carrying it out administration would not frequently be granted to the person entitled to succeed to the personal estate. As for instance, the widow is first entitled to administration; yet if the deceased left a child or children, she would be entitled to the succession of but one-third of the estate, and the child or children to the remaining two-thirds. The child or children might have been more competent to administer than the widow, yet they would not be entitled to the administration of the estate, though succeeding to two-third parts thereof, unless the widow should renounce. So the father, the brothers and the sisters of the deceased, are preferred to the grandchildren, although the latter would succeed to the whole of the personal estate, in preference to them. It would seem to be obvious, therefore, that the legislature did not deem it essential to the right of administration, that the person administering should stand in a position to take a share or portion of the deceased's personal estate, and, therefore, the language used, "that the administration shall be granted to the relations of the deceased who would be entitled to succeed to his personal estate," must in many instances be inapplicable, and not in conformity with the actual state of things. The subsequent clauses of the section show, that such could not have been the meaning and intent of the legislature, for they declare the order in which the letters are to be granted, and the granting

to one or all of a class, necessarily excludes all subsequent classes. They could not have meant that those relatives, and those only, who were entitled to succeed to the personal estate, were competent to take the letters, for, in the first place, the widow, who is first entitled, is not a relative of the deceased, and is not entitled to succeed to the personal estate of the deceased. She is not next of kin, and only takes a portion of his estate under the statute of distributions. She is in law the "best friend" of her husband, and therefore justly preferred in the administration of his estate; second, the words "who would be entitled to succeed to his personal estate" mean only those who, according to the provisions of the statute of distributions, might be entitled to participate in the distribution of the personal estate of the decedent, and this is made clear by the language used in designating those entitled in the seventh place, viz., "to any other of the next of kin who would be entitled to share in the distribution of the estate." The true construction of the statute would therefore seem to be, that all persons who might be entitled to participate in the distribution of the estate, being the widow, relatives, or those representing relatives of the deceased, have the first right to the administration in the order named in the statute. I think this view is greatly strengthened by the subsequent provision of § 27, which declares that "if none of the said relatives or guardians will accept the same," then the letters may be granted to any creditor of the deceased applying therefor. This declaration is emphatic that the letters cannot be given to a creditor unless all of the said relatives or the guardians of such as may be minors enumerated, shall decline to accept the same. The legislature therefore has distinctly said, that until all the relatives or the guardians of such as are minors shall have declined to accept letters, no creditor can be entitled to, or have any claim to take them. In the present case but one relative enumerated, the father, has declined to take out or accept the letters, and it is conceded, that the brothers of the deceased, who were next entitled to them, being those enumerated in the fourth class, have not declined to accept them. The surrogate

therefore had no authority, under the statute, to grant letters to the appellants, until all such relatives or the guardians of minor relatives, if any, had declined to accept them, and as they had a prior right to the appellant, the proceeding of the surrogate in granting letters to him, without the production of proof, and filing with him a written renunciation of all the persons having such prior right, was clearly irregular and in contravention of the express provision of section 35. For the above reasons, and those so clearly and ably stated in the opinion of the Supreme Court, I am for affirming the judgment appealed from, with costs.

DENIO, SUTHERLAND, GOULD and ALLEN, Js., concurred.

SMITH, J., (dissenting.) Section 27 of article 2, chapter 7, part 2 of the Revised Statutes (p. 74, vol. 2,) provides as follows: " Administration, in cases of intestacy, shall be granted to the relatives of the deceased who would be entitled to succeed to his estate, if they or any of them will accept the same in the following order: First, to the widow; second, to the children; third, to the father; fourth, to the brothers; fifth, to the sisters; sixth, to the grandchildren; seventh, to any other of the next of kin who would be entitled to share in the distribution of the estate." " If none of such persons, or their guardians, will accept the same, then to the creditors of the deceased." The deceased having left no widow or children, his father, who survived him, was his next of kin, and entitled to take the whole of his estate. (2 R. S., p. 97, § 75.)

Neither the appellant's wife, who was a sister of the deceased, nor the respondent, who was his brother, were entitled to any share of the estate. The appellant was appointed administrator as a creditor, upon the refusal of the father to accept the administration. The appellant was properly appointed administrator, unless the respondent, as a brother of the deceased, was entitled to such appointment in the order of priority specified in the statute, in preference to a creditor of the intestate.

The respondent claims to be entitled to such administration as matter of right, under the statute, and is entitled to such administration over any creditor of the deceased, unless it was essential to such claim that he should be entitled to share in the distribution of the estate.

Applying the rule, that in the construction of statutes, that construction must prevail which gives full effect to every part of the statute, I cannot see how the appellant was entitled to administration as matter of right. He was not, confessedly, at the time of his application for letters to the surrogate, " entitled to succeed to the personal estate" of the deceased. The estate had actually passed to and was vested in his father. He could only receive any share of such estate as heir to his father after his decease, and not as next of kin to his brother. An essential part of the description of the relatives of the deceased, entitled to administration as matter of right, therefore, fails in respect to the appellant. There obviously can be no such thing as a relative entitled to share in the estate of the deceased, unless such right exists at the moment of the death. The right to share in the estate is necessarily fixed at the time of the death. The amount of the estate for distribution depends of course upon the amount of the debts to be first paid; but the question, who is entitled to share in the excess after payment of the debts, is determined by the state of the relations of the kindred to the intestate existing at the time of his decease.

The true construction of this section 27, therefore, I think, requires that the relatives of the deceased therein mentioned should respectively be entitled to share in the distribution of the personal estate of the deceased, at the time of his death, to entitle them, as matter of right, to take out letters of administration upon his estate; and that the fact of an existing present interest in the estate, contingent only in respect to its amount after payment of the debts, must distinctly appear to the surrogate at the time of such application to entitle the applicant, as a matter of right, to such administration. The question for the surrogate to decide is one of interest, on the

part of the relative in the estate at the time, when the application for letters is made to him, and not merely the relation of consanguinity of the applicant to the deceased. This construction, I think, clearly required by the provision in respect to the seventh class in said section as follows: " to any other of the next of kin who would be entitled to share in the distribution of the estate." This implies that the next of kin, in all the preceding classes entitled to administration, must be entitled " *to share in the distribution of the estate,*" as a present existing right, at the time when he applies for letters of administration. This view of this section 27 coincides with the construction put upon it in the elementary works. (Willard on Executors, 195; Dayton on Surrogates, 3d ed., p. 235.) And the question is very carefully and ably considered by the late surrogate of New York in *The Public Administrator* v. *Peters* (1 Bradf., 100), who arrived at the same conclusion. Such construction of the statute conforms also to the law as it stood in this state and in England before the Revised Statutes. Our law, regulating the granting of administration, was copied from 31 Edward III, chap. 11, and 21 Henry VIII, chap. 5. In England, it was repeatedly held that the object of these statutes was to give the management of the property of a deceased person to those who had an interest in the same. In *Withy* v. *Mangles* (10 Clark & Finnell, 215, in the House of Lords), Lord COTTENHAM said: " It is an established rule of the ecclesiastical courts that the right of administration of the effects of the deceased follows the right of property in them." And this right to administer under this statute was held to belong mainly to the next of kin at the time of the death. See also *Savage* v. *Blythe* (2 Hagg. App., 150); *Almes* v. *Almes* (id., 155).

The revisers clearly did not intend, in section 27, to introduce any new rule on this subject, or alter the law. This is negatived by the note accompanying this section when reported to the legislature, which is as follows: " 17th section of act concerning executors, &c. (1 R. S., p. 314) — 3d section of act concerning courts of probate (1 R. S., p. 885) — much simpli-

fied, according to the practice and *the law as now understood,* and many occasions for contest respecting preferences removed." As this section was enacted by the legislature in the precise shape reported by the revisers, with only a simple omission of the word *such,* with which the original section as reported commenced, and which does not at all vary the sense or meaning of the section, it must be presumed that the legislature did not intend to alter the law.

To hold that the law was altered by this revision of the statutes on the subject, would be in conflict with the settled rule, that a change in the phraseology in a revision of a statute should not be construed to alter the law, unless it evidently appears that such was the intention of the legislature. (*Theriat* v. *Hart,* 2 Hill, 380; 21 Wend., 316.)

This consideration, it seems to me, should be the controlling one in the construction of this statute; as the view it sustains evidently carries out the intent of the legislature, which, when it can be clearly ascertained, should always prevail.

I think, therefore, that the decision of the court below should be reversed, and that of the surrogate affirmed, with costs.

Judgment affirmed.