---

(87 Misc. Rep. 79)

### In re ELDER'S ESTATE.

(Surrogate's Court, Bronx County. September, 1914.)

EXECUTORS AND ADMINISTRATORS (§ 17*)—RIGHT TO LETTERS OF ADMINISTRATION—INTEREST OF APPLICANT.

Under Code Civ. Proc. § 2588, as amended in 1914, limiting the right to administer to persons interested, a sister of decedent, who, by reason of the survival of infant children, was not entitled to share in decedent's personal estate, was not entitled to letters of administration.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 43–59; Dec. Dig. § 17.*]

Petition for letters of administration on the estate of William C. Elder, deceased. Decreed according to opinion.

J. Chester Johnson, of Brooklyn, for petitioner.

SCHULZ, S. The children of the decedent, under the circumstances set forth in the petition, would be entitled to letters of administration if they were of full age. Where all of the persons entitled to take the personal estate are infants, as in this case, letters may be granted to the general guardian. Code Civ. Proc. § 2588. Recently in Matter of D'Adamo, 212 N. Y. 214, 106 N. E. 81, the Court of Appeals held that the case of Lathrop v. Smith, 35 Barb. 64, and 24 N. Y. 417, established the proper construction of section 2660 of the Code (as it was before amendments hereinafter referred to), and is applicable to that section of the Code as it was to the Revised Statutes, but stated that the result of the amendments to the Code contained in chapter 443 of the Laws of 1914, which took effect on September 1, 1914, would be to establish a new rule hereafter.

This proceeding, having been brought subsequently to September 1, 1914, is governed by the provisions of section 2588 of the Code, and, as the construction established by Lathrop v. Smith is not applicable to the new rule, I am of the opinion that the petitioner, who is the sister of the decedent, and not entitled to take or share in the personal property of the decedent, cannot have letters granted to her. The language of the section, I think, is clearly to the effect that the right to administer is given only to persons interested, and such was the intention of the commission to revise the practice and procedure in Surrogates' Courts, whose efforts resulted in the amendment of chapter 18 of the Code, as will appear from the note to the above section in their report submitted to the Legislature and dated February 9, 1914.

Letters must therefore be granted to the guardian of one or both of the infants, and if there be no guardian, and none be appointed who makes application. then letters should issue to the public administrator. Decreed accordingly.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes