In the Matter of the Judicial Settlement of the Account of Proceedings of CATHERINE A. MALCOMSON and HENRY T. MALCOMSON, as Executors, etc., of ALFRED S. MALCOMSON, Deceased.

CATHERINE A. MALCOMSON and HENRY T. MALCOMSON, as Executors, Appellants; A. BELL MALCOMSON, Petitioner, Respondent.

First Department, July 3, 1919.

**Surrogate — jurisdiction, upon judicial settlement of accounts of executors, to appoint referee to take evidence as to validity of assignment by legatee.**

Where a legatee petitions that executors be compelled to account and shows that he has executed an assignment of all his interest in the estate to the executors, but claims it was without consideration and was obtained by misrepresentation, and also charges the executors with bad faith in the conduct of the estate, and they deny said charges and assert that the petitioner, having executed the assignment to them of his interest in the estate, is not a person interested therein and cannot require them to account, and subsequently they file their account and ask for a voluntary settlement of the same to which the petitioner objects and the two proceedings are consolidated, the surrogate has jurisdiction, under section 2510 of the Code of Civil Procedure, to appoint a referee to take evidence and report with his opinion as to the validity of the assignment by the petitioner.

APPEAL by Catherine A. Malcomson and another, as executors, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 18th day of March, 1919, appointing a referee " to take evidence and report with his opinion as to the validity of the assignment of the legacy in question in this accounting."

*Clarke M. Rosecrantz* of counsel [*Ralph Royall* with him on the brief; *Sullivan & Cromwell*, attorneys], for the appellants.

*Walter E. McDonnell*, for the respondent.

DOWLING, J.:

The proceeding is one for the judicial settlement of the account of the executors of Alfred S. Malcomson, deceased. A. Bell Malcomson is a brother of decedent and one of the

residuary legatees and devisees under his will; he was also a legatee thereunder in the sum of $25,000. He executed an instrument under seal whereby for a stated consideration of $19,000 he sold, assigned, transferred and set over unto Catherine A. Malcomson and Henry T. Malcomson, his sister and brother respectively, all his right, title and interest under said will. He also gave to the executors transfers and releases of his rights in an apartment house belonging to the estate and released them personally and as executors for all claims of any kind whatsoever. A. Bell Malcomson alleges that he never received any consideration of any kind for the execution of the papers enumerated, other than the payment of his special cash legacy of $25,000, to which he was entitled under the will, claiming that the papers were without consideration. A. Bell Malcomson filed his petition in the Surrogate's Court, praying that an order be entered as follows:

" *First.* That the executors forthwith make and file a complete and full account of all their transactions in and about the estate which they have in trust.

" *Second.* That your petitioner have the right to file proper exceptions thereto and be heard thereon.

" *Third.* That the amount of the residuary estate if any, be ascertained and certified.

" *Fourth.* That the amount of the residuary estate of your petitioner under the will be ascertained.

" *Fifth.* That the paper executed by your petitioner on January 4th, 1911, hereinbefore recited purporting to assign to the executors personally his interest in the estate be disregarded except as a receipt for his money legacy, as being without consideration, against equity and good conscience and void and that the executors pay over to your petitioner the amount found to be due as his portion of the residuary of the estate and for such other and further relief as the Court may deem just."

A citation was thereupon issued to the executors to show cause " why an order should not be entered directing said executors forthwith to render and settle a complete and full account of their transactions in and about the estate which they have in trust and why the paper executed by the petitioner on January 4th, 1911, purporting to assign to the

executors personally his interest in the estate, should not be disregarded except as a receipt for his money legacy as being without consideration, against equity and good conscience and void, and why said executors should not pay over to said Abraham B. Malcomson the amount found to be due as his portion of the residuary of said estate."

The executors filed answering affidavits denying that any fraud had been committed on petitioner, and averring that he had executed the assignment with full knowledge of all the facts and that by reason of the assignment the petitioner was no longer a party interested in the estate and had no right to demand an accounting. On November 2, 1918, an order was made directing the executors to render and file their account, " and further consideration of matters contained in said petition be postponed to the settling of said accounts." The executors had averred their willingness to account and that the reason why it had not been done sooner was because they expected to get releases from all parties interested and file them in lieu of a formal accounting. The executors filed a petition for a voluntary judicial settlement of their accounts and the two proceedings were consolidated by order dated February 3, 1919. A. Bell Malcomson meantime had filed objection to the account as filed by the executors. On March 18, 1919, the surrogate made the order now appealed from appointing the referee to report with his opinion upon the preliminary question as to the validity of the assignment of the legacy in question.

The executors deny the power of the surrogate to make the order, contending that petitioner's only remedy was by an action in equity.

In 1910 (Laws of 1910, chap. 576) the Legislature amended the Code of Civil Procedure by adding a new section 2472-a, as follows:

" The Surrogate's Court has also jurisdiction upon a judicial accounting or a proceeding for the payment of a legacy to ascertain the title to any legacy or distributive share, to set off a debt against the same and for that purpose ascertain whether the debt exists, to affect the accounting party with a constructive trust, and to exercise all other power, legal or equitable, necessary to the complete dis-

position of the matter. He must order the trial of any controverted question of fact of which either party has constitutional right of trial by jury and seasonably demands the same."

Under the provisions of this section, it has been held that the surrogate had power to set aside assignments of legacies on the ground that they were procured by fraud. (*Matter of Thornburgh*, 72 Misc. Rep. 619; *Matter of Dollard*, 74 id. 312; affd., 149 App. Div. 926; *Matter of Finkel*, Surr. Mem. Dec. 1916, p. 995; affd., 177 App. Div. 885.)

By chapter 443 of the Laws of 1914 the Legislature enacted an entire revision of the sections of the Code of Civil Procedure relative to Surrogates' Courts and the proceedings therein. Section 2510 contained therein, so far as it is material to the present question, reads as follows:

" Each surrogate must hold, within his county, a court, which has, in addition to the powers conferred upon it, or upon the surrogate, by special provision of law, jurisdiction, as follows:

" To administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having any claim or interest therein who voluntarily appears in such proceeding, or is brought in by supplemental citation, as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires.

" And in the cases and in the manner prescribed by statute: * * *

" 3. To direct and control the conduct, and settle the accounts, of executors, administrators, and testamentary trustees; * * *."

The preliminary grant of power is broader than that contained in former sections 2472 and 2472-a, which formed the basis for the new section.

It seems to me that the action taken by the surrogate comes clearly within the general grant of power and jurisdiction to him by the Legislature, and that as the proceeding

in which the order was made is one of the eight classes of proceedings enumerated in the section in which such jurisdiction may be exercised, his order was warranted and valid.

The present situation of this estate shows the wisdom of the grant of general powers to the surrogate to make such orders as justice requires to the end that proceedings may be completely disposed of in his court. Here a legatee petitions that the executors be compelled to account. He shows that he has executed an assignment of all his interest in the estate to the executors but claims it was without consideration and obtained by misrepresentation as well. He also charges the executors with bad faith in the conduct of the estate. The executors deny these charges and assert that the petitioner having executed the assignment to them of his interest in the estate, is not a person interested therein and cannot require them to account. Subsequently the executors file their account and ask for a voluntary settlement of the same. The petitioner files objection to the account. The two proceedings are consolidated. How can the surrogate determine the petitioner's standing in court, his right to file objections, the proper recipient of the interest which was the petitioner's before the assignment was executed, or direct the distribution of the estate, until it is determined whether the assignment is valid (in which case the petitioner has no standing in court and the executors have acquired his interest), or invalid (in which case the petitioner has lost nothing thereby)? The very purpose of the grant of power and jurisdiction to the surrogate, both in 1910 and 1914, was to enable them, in the eight classes of proceedings enumerated in section 2510, to try and decide every issue, whether legal or equitable, which was necessary to be decided in order to make a final decree or order. Thus a proceeding of the kind indicated, once begun in the Surrogate's Court, would proceed to a final order or decree therein, without being halted and final decision postponed in order that a suitable action might be brought in the Supreme Court to dispose of some question directly affecting the subject-matter then pending before the surrogate.

The assignment in question necessarily and vitally affects the disposition to be made of the executors' accounts and the distribution to be made of the decedent's estate. No decree

or order could be made settling the account or directing a distribution until the validity of the assignment had been determined. My conclusion, therefore, is, that the surrogate had power and jurisdiction to make the order appealed from.

The decision in *Matter of Mondshain* (186 App. Div. 528) is not at variance with the views herein expressed. The proceeding there was one for a discovery and alleged the transfer of money by decedent to the respondent therein and his refusal to disclose the same, the execution and delivery of a general release and that it was induced by fraud. Such a proceeding is not one of the eight enumerated classes to which the general grant of jurisdiction conferred by section 2510 attaches, and, therefore, the power to set aside a release did not exist in such a case. But here, the proceeding is one enumerated in the section and, therefore, full jurisdiction attached to enable the surrogate to decide any issue required to be settled in order to make an effectual final decree.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., SMITH, PAGE and PHILBIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.