In the Matter of the Application for Letters of Administration on the Goods, Chattels and Credits of SOLOMON BUNIMOWITZ, Deceased.

Surrogate's Court, Bronx County, January 6, 1927.

**Executors and administrators — letters of administration — valid ante nuptial agreement by which wife released interest in property of husband is bar to her application for letters under Surrogate's Court Act, § 118 — Surrogate's Court under Surrogate's Court Act, § 40, has jurisdiction to determine validity of said agreement.**

A valid ante nuptial agreement by which a wife has released all interest in the real and personal property of her husband is a bar to her application for letters of administration under section 118 of the Surrogate's Court Act which provides that "Administration in case of intestacy must be granted to the persons entitled to take or share in the personal property."

The Surrogate's Court has jurisdiction, under section 40 of the Surrogate's Court Act, to determine the validity of such an agreement.

APPLICATION for letters of administration.

*William R. Altman,* for the petitioner.

*Max Tachna,* for the respondent.

SCHULZ, S. The petitioner, a son of the decedent, applies for letters of administration upon the latter's estate. The respondent, the widow, opposes, and requests that they be issued to her.

Section 118 of the Surrogate's Court Act, in so far as material to the question involved, provides that "Administration in case of intestacy must be granted to the persons entitled to take or share in the personal property, who are competent * * * in the following order: 1. To the surviving husband or wife." A surviving wife is entitled to share in the personal estate of her deceased husband (Decedent Estate Law, § 98, subd. 1), and her right to receive letters of administration upon his estate is prior to that of a son; hence the respondent's contention should be sustained unless she has in some way forfeited such right.

It appears that before the marriage of the decedent and the respondent they entered into an ante nuptial agreement pursuant to which, in consideration of their marriage and the sum of $1,000,

to be paid to the respondent from the estate of the decedent after his death, she agreed to accept the said $1,000 in lieu of all claims against the estate of the decedent, and quitclaimed, granted and released unto the decedent or his estate all claims of dower and any rights that she might have against any property owned or thereafter acquired by him, stating that it was the intention that she should not share in the real and personal estate of the decedent. The respondent admits entering into such agreement, but claims that the same was procured from her by fraud and misrepresentation. The first question to be determined is whether or not the respondent may receive letters, if the agreement is valid, for if this should be so, no further consideration need be given to it upon this application.

In *Matter of Wilson* (92 Hun, 318), decided in the Fourth Department in 1895, it was held that an agreement such as the one now before me did not constitute a renunciation effective under the statute, but the court there based its decision somewhat upon its doubt as to whether the Surrogate's Court had jurisdiction to construe and enforce the agreement, although the opinion does state that even if it could be shown to have such power, the court was of the opinion that under the case of *Lathrop* v. *Smith* (24 N. Y. 417), there being no effective renunciation, the respondent was entitled to letters. It is evident that the case was decided upon the authority of *Lathrop* v. *Smith,* and hence the statutes in force when that decision was made and when *Matter of Wilson* was decided, must be examined; for if they are the same as at present, these authorities dispose of the matter.

When the application was made in *Lathrop* v. *Smith,* the act (R. S. pt. 2, chap. 6, tit. 2 [2 R. S. 74], § 27), in so far as material, provided as follows: " Administration, in case of intestacy, shall be granted to the relatives of the deceased, who would be entitled to succeed to his personal estate, if they or any of them will accept the same, in the following order: First, to the widow," etc.

When *Matter of Wilson* was decided the statute read (Code Civ. Proc. § 2660, as amd. by Laws of 1893, chap. 686, and Laws of 1894, chap. 503): " Administration in case of intestacy must be granted to the relatives of the deceased entitled to succeed to his personal property, * * * in the following order: 1. To the surviving husband or wife."

Some difference of opinion arose after the decision of the two cases above cited, and it was held in several jurisdictions that where a petitioner did not receive any part of the estate, he was not entitled to letters of administration. (*Matter of Seymour,* 33 Misc. 271; *Matter of Patten,* 80 id. 482.) In *Matter of D'Adamo* (212 N. Y. 214) however, the Court of Appeals again adverted

to the case of *Lathrop* v. *Smith,* and held that it is applicable to section 2660 of the Code, as it was to the Revised Statutes. The court said, however: " We content ourselves with stating our conclusion in this respect, because of amendments which have this year been adopted by the Legislature. By chapter 443 of the Laws of 1914, which will take effect on September 1, 1914, section 2660 of the Code of Civil Procedure has become section 2588, and radical changes have been made in it. The result of these amendments will be to establish a new rule hereafter."

The report of the Commission to Revise the Practice and Procedure in Surrogates' Courts, transmitted to the Legislature under date of February 9, 1914, and which changed the language of section 2660 of the then Code of Civil Procedure (as amd. by Laws of 1913, chap. 403), and incorporated it in section 2588 of said Code (as amd. by Laws of 1914, chap. 443), has in the notes to the latter section, the statement that " The general intention of the changes is to give only persons interested the right to administer."

I am, therefore, of the opinion that *Lathrop* v. *Smith,* upon which the opinion in *Matter of Wilson* was based, does not apply to section 118 of the Surrogate's Court Act in which the same language is found as that in former section 2588 of the Code (as amd. by Laws of 1920, chap. 220), and that now a person who is not entitled to take or share in the personal property of the decedent is not entitled to receive letters of administration upon his estate. (*Matter of Wolff,* 161 App. Div. 255.)

Clearly then the policy of the law is that administration shall be granted to persons who actually have an interest in the property which is being administered, and hence if the agreement is valid, the respondent is not a person entitled, and under the statute should not receive letters.

It becomes necessary, therefore, to determine the validity of the agreement before a disposition of the matter can be made, and the Surrogate's Court has jurisdiction to make such a determination. (Surrogate's Court Act, § 40, as amd. by Laws of 1924, chap. 100; *Matter of Malcomson,* 188 App. Div. 600; *Matter of Fox,* 166 id. 718; *Matter of Frame,* N. Y. L. J. Aug. 13, 1926, and cases cited.)

As issues of fact have arisen, I shall set the matter down for hearing upon the calendar of this court for January nineteenth next.

Serve notice of hearing and file with proof of service.