In the Matter of the Estate of MAX CAPLAN, Deceased.

Surrogate's Court, Saratoga County, February 6, 1931.

*Robert W. Fisher*, for the petitioners.

*Snyder & Freedman* [*Maurice Freedman* of counsel], for the administratrix.

TUCK, S. The petition in this proceeding, duly verified and filed October 20, 1930, alleges that the petitioners are the parents of Max Caplan, who died August 20, 1929, a resident of Saratoga county, intestate; that letters of administration of his estate were issued to Sally Caplan, his widow, upon her petition dated September 18, 1929, and filed September 19, 1929, by the Surrogate's Court of Saratoga county September 21, 1929; that her appointment

was obtained by false suggestion of a material fact made to the court by the administratrix in her petition for administration.

Simultaneously with the filing of the petition for letters of administration, there was filed in the court an assignment executed by the petitioners herein to Sally Caplan, dated September 20, 1929, of all their interest in the decedent's estate, and a further instrument, dated September 18, 1929, executed by the petitioners herein stating that they were the father and mother of the decedent and waiving all rights to any money to which they may be entitled in the estate of the decedent and assigning the same to Sally Caplan, and a further paper dated on September 18, 1929, executed by Sally Caplan stating that she was the petitioner in the proceeding and the widow of the deceased; that his estate did not exceed $6,500 of personal property and no real property; that decedent left no will; that there are no debts or claims existing against the estate of said decedent; that deponent is entitled to the whole estate except the sum of $750, which is the share of Hyman Caplan and Esther Caplan, father and mother of the decedent, but which they have waived by their affidavit thereto attached and praying that under the provisions of section 121 of the Surrogate's Court Act she be allowed to serve without bond.

Upon the return of the citation issued to Sally Caplan upon the petition of Hyman Caplan and Esther Caplan, an answer was filed which, after admitting matters not in issue, denied that her appointment was obtained by false suggestion of a material fact and further alleging that all the statements contained in the petition upon which her appointment was had were true and correct statements of fact and denying the allegations contained in the petition of Hyman Caplan and Esther Caplan; that the waivers and agreements executed by them were obtained by fraud, misrepresentation, etc.

She further denies that she has misappropriated the funds of the estate and alleges that she has made due payment of all the just and legal charges of the deceased, including the funeral expenses of the deceased, that have been presented to her as administratrix.

Upon the trial of the issues thus raised it became apparent that a mistake was made in estimating the extent of the interests of the widow and next of kin of Max Caplan in his estate. The attorney who assisted the administratrix construed the interests of the parties as though the present Statute of Distribution had then been in effect whereas it did not take effect until a considerable time after the death of Max Caplan. The letters of administration under the circumstances set forth in the papers filed for administration were issued without requiring a bond.

Formerly a proceeding of this nature would have to be dismissed

by the Surrogate's Court (*Woodruff* v. *Woodruff*, 3 Dem. 505), which was an application by the widow of a deceased for the revocation of letters of administration in the case where she had made an assignment of her interest which she claimed was obtained by fraud and misrepresentation. At the time of that adjudication (1885) the Surrogate's Court had no jurisdiction to entertain the application.

In *Matter of Mondschain* (186 App Div. 528) the court held that the surrogate had no jurisdiction under section 2510 of the Code of Civil Procedure, as revised by chapter 443 of the Laws of 1914, to set aside a general release under seal by the administratrix of the decedent upon the ground of fraud, in a proceeding for a discovery.

In *Matter of Malcomson* (188 App. Div. 600) the court held that the surrogate had jurisdiction to pass upon the question of the validity of an assignment of all interest in the estate of a decedent where the assignment was given without consideration because of the construction of the language of section 2510, as revised by chapter 443 of the Laws of 1914, in that this jurisdiction was in the direction of directing and controlling the settlement of the accounts of executors, administrators, testamentary trustees, etc., and that the powers conta ned in the 2d paragraph of section 2510, as thus amended, conferred upon the court jurisdiction and that the jurisdiction assumed by the surrogate in that case was proper.

Since the decision in the last-mentioned case (July, 1919) former section 2510 of the Code of Civil Procedure has become section 40 of the Surrogate's Court Act, and after the broad grant of powers contained in the 2d paragraph of the section there has been an amendment to the 3d paragraph reading: "*In addition to and without limitation or restriction on the foregoing powers, each surrogate or surrogate's court shall have power,*" and then follow eight subdivisions stating the cases in which the surrogate or Surrogate's Court shall have power.

Formerly the language employed in that paragraph (Code Civ. Proc. § 2510) was: "And in the cases and in the manner prescribed by statute," and thereafter follow the subdivisions outlining the jurisdiction of the court.

So it would seem that the court now has jurisdiction to pass upon a question involving an assignment of interest in a decedent's estate where it is alleged to have been procured by fraud or misrepresentation.

It was one time held by the courts that such fraud and misrepresentation would be fraud and misrepresentation to the

court. (*Corn* v. *Corn*, 4 Dem. 394.) But in *Matter of West* (40 Hun, 291, 296), upon a false representation of fact of which the court had no knowledge, the General Term held it was sufficient to justify a revocation of letters. A representation in that case was to the husband of the decedent inducing him to consent to associate with himself his sister-in-law as coadministrator upon the representation that in that case there would be no conflict of interest as to the estate.

It is apparent from the record that misrepresentation was made to Hyman Caplan and Esther Caplan as to the extent of their interest in the estate of the decedent and that they relied upon such representation and executed the assignment of their interests in the belief that their interest in the estate was slight. As to these representations the court had no knowledge, but the representation was none the less false even though it was believed by the parties to be true at the time.

It further appears from the record that the funeral expenses of the deceased have not been paid.

A false representation has been made to the court itself in this respect. The testimony of the administratrix is clear and conclusive upon the subject of non-payment of funeral expenses.

The court accordingly determines that the assignment of interest of Hyman Caplan and Esther Caplan is invalid; that the petitioner induced the court to grant letters of administration by a false suggestion of a material fact, as a result of which no bond for the security of creditors and for the payment of the funeral expenses was required, and that justice requires that the letters of administration so issued to Sally Caplan on the estate of Max Caplan, deceased, should be revoked.

Submit a decree accordingly, upon notice.