THE PEOPLE OF THE STATE OF NEW YORK ex rel. PIE BAKERIES OF AMERICA NEW YORK, INC., Relator, v. THOMAS M. LYNCH and Others, Constituting the State Tax Commission of the State of New York, Respondents.— Determination unanimously confirmed, with fifty dollars costs and disbursements. Review of the State Tax Commission by certiorari. The parent corporation was located in New Jersey. The subsidiaries were located one in New York, one in Maryland and one in Michigan. The parent corporation sold the assets in New York to the subsidiary in this State and took back a note for $1,000,000, drawing interest at five per cent. The consolidated return required by the Tax Commission was justifiable. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

NICHOLAS CHICORELLI, Plaintiff, v. HEMPSTEAD PAVING CO., INC., and STATE OF NEW YORK, Defendants. BRYANT PARK BANK and Another, Respondents, and CONTINENTAL CASUALTY COMPANY and Others, Appellants.— Judgment unanimously affirmed, with costs. Appeal from judgment entered on report of official referee. The judgment awarded retained percentages, on a contract with the State for a public improvement, to the assignee of the contractor, a bank, which advanced moneys used in the prosecution of the work. The assignment purported to transfer " all moneys due and to become due  *  *  *  on monthly and final estimates, for labor and material performed and furnished in connection with the said contract." This is held to include retained percentages. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

ANNA GRAHAM, Respondent, v. KNICKERBOCKER INSURANCE COMPANY OF NEW YORK, Appellant; ROSENDALE DEVELOPING COMPANY, INC., Respondent. — Judgment unanimously affirmed, with costs. Judgments were in favor of the first and second mortgagees against the insurance company. The correct corporate name of the second mortgagee is " Rosendale Developing Company, Inc." The insurance policy carried the name " Rosendale Development Co." The slight discrepancy is without significance. The proof as to damages was proper under McAnarney v. Newark Fire Ins. Co. (247 N. Y. 176). There was no proof offered showing that the insured building was used as a hotel or store during the term of the policy. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.