In the Matter of the Administration of the Estate of LAUREN A. GRANT, Deceased.

In the Matter of the Guardianship of ARTHUR A. GRANT, an Infant.

In the Matter of the Guardianship of SHIRLEY D. GRANT, an Infant.

In the Matter of the Guardianship of RUTH E. GRANT, an Infant.

In the Matter of the Guardianship of BETTY L. GRANT, an Infant.

LOUISE M. GRANT, Petitioner, Appellant; MARY B. PEER, Petitioner, Respondent.

Fourth Department, March 16, 1938.

*George A. King* [*Clarence H. Brisco* of counsel], for the appellant.

*Charles H. Githler*, for the respondent.

PER CURIAM. Lauren A. Grant died intestate leaving a widow and four children. On the 7th day of April, 1936, a sister of decedent, Mary B. Peer, filed with the Surrogate's Court of Steuben county a petition asking that she be appointed administratrix of the estate of Lauren A. Grant, deceased, and at the same time there was filed a waiver executed by Louise M. Grant, widow of the decedent, waiving the right to letters of administration and consenting that such letters be issued to Mary B. Peer. On April 13, 1936, the widow filed a retraction of her waiver of her right to administration of the estate of decedent, and on the same day filed a petition asking that letters of administration be issued to her. On the same day Louise M. Grant filed four separate petitions asking that she be appointed guardian of her infant children. Later, Mary B. Peer filed objections to the appointment of Louise M. Grant as administratrix of the estate of decedent, claiming among other things, that Louise M. Grant had abandoned her husband during his lifetime and that, therefore, she was not entitled to share in his estate. The proceedings were consolidated and tried together.

The finding of the Surrogate's Court that Louise M. Grant abandoned her husband during his lifetime is against the weight of the evidence and the finding of such court that Louise M. Grant is not a proper person to be appointed guardian of her infant children is also against the weight of the evidence, and such findings are disapproved and reversed.

This court finds that Louise M. Grant is a person of good moral character and fit and competent to be appointed guardian of her infant children. This court also finds that Louise M. Grant did not abandon her husband during his lifetime but that she was living apart from him at the time of his death because of his cruel and inhuman treatment. It appears that Mrs. Grant signed the waiver of her right to administer the estate of her deceased husband without being fully advised as to her rights and as to the effect thereof, and she should be permitted to retract the same.

Mary B. Peer, the sister of decedent, is not entitled to share in his estate and, therefore, did not have the right to apply for letters of administration upon his estate. (Surr. Ct. Act, § 119.)

The Surrogate's Court of Steuben county should deny the petition of Mary B. Peer for letters of administration upon the estate of decedent and should grant the petition of Louise M. Grant for letters of administration thereon, and should also grant the petitions of Louise M. Grant to be appointed guardian of her four infant children.

The decree should be reversed on the law and the facts, with costs to the appellant and against the respondent, and the matters remitted to the Surrogate's Court of Steuben county to proceed in accordance with this opinion.

All concur. Present — SEARS, P. J., CROSBY, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Decree reversed on the law and facts, with costs to appellant Louise M. Grant against the respondent Mary B. Peer, and matters remitted to the Surrogate's Court for further proceedings in accord- -ance with the opinion.