In the Matter of the Probate of the Will of TIMOTHY J. MURPHY, Deceased. FRANCIS J. MULLIGAN, as Public Administrator of the County of New York, Appellant; JULIA A. MURPHY, as Administratrix with the Will Annexed of TIMOTHY J. MURPHY, Deceased, Respondent.

Argued April 7, 1952; decided June 6, 1952.

*Joseph T. Arenson* and *Joseph A. Cox* for appellant. I. The Surrogate properly refused to appoint respondent as administratrix with the will annexed, since at the time of decedent's death she was not entitled to share in his estate either by will or by intestacy, and thus she was not a next of kin. (*Matter of D'Agostino,* 88 Misc. 371; *Matter of Burk,* 298 N. Y. 450; *New York Life Ins. & Trust Co.* v. *Winthrop,* 237 N. Y. 93; *Matter of Blackburn,* 171 Misc. 238; *Matter of Wenkhous [Winkhous],* 158 Misc. 663; *Matter of Fagin,* 155 Misc. 533; *Matter of Thompson,* 186 Misc. 528; *Matter of Cullinane,* 182 Misc. 830; *Matter of Vance,* 263 App. Div. 840.) II. The Appellate Division, in reversing the decree of the Surrogate, relied upon *Matter of D'Adamo* (212 N. Y. 214), which was decided on the basis of the statute as it existed in 1913 and before it had been amended by chapter 443 of the Laws of 1914. The *D'Adamo* decision is not applicable to the present statute. (*Matter of D'Agostino,* 88 Misc. 371; *Matter of Root,* 1 Redf. 257; *Public Administrator* v. *Peters,* 1 Bradf. 100; *Lathrop* v. *Smith,* 24 N. Y. 417; *Matter of Campbell,* 192 N. Y. 312; *Matter of Bunimowitz,* 128 Misc. 518; *Matter of Fiumara,* 127 Misc. 794; *Matter of Elder,* 87 Misc. 79; *Matter of Franko,* 169 Misc. 356; *Matter of Kassam,* 141 Misc. 366, 235 App. Div. 609; *Matter of Duff,* 143 Misc. 905; *Matter of Grant,* 253 App. Div. 504.)

*Edward R. Loomie* for respondent. I. The statutes give respondent the unequivocal right to letters of administration with the will annexed. Her right is prior to that of the Public Administrator. (*Lathrop* v. *Smith,* 24 N. Y. 417.) II. The Surrogate has no choice in awarding letters but must follow the statutory plan. (*Matter of Campbell,* 192 N. Y. 312; *Matter of D'Adamo,* 212 N. Y. 214; *Matter of Page,* 107 N. Y. 266; *Lathrop* v. *Smith,* 24 N. Y. 417; *Matter of Brown,* 60 Misc. 628.) III. The right of a competent distributee to administer is superior to that of the Public Administrator. (*Matter of Campbell,* 192 N. Y. 312; *Matter of Kroog,* 84 Misc. 676; *Matter of Wolff,* 161 App. Div. 255; *Matter of D'Adamo,* 212 N. Y. 214.)

FROESSEL, J. We are here asked to determine whether the sister of decedent, who does not share in his estate, is entitled to letters of administration with the will annexed in preference to the Public Administrator. The Surrogate held that she was not; the Appellate Division held that she was.

The facts are undisputed. Decedent, Timothy J. Murphy, died testate on April 10, 1949. He was survived by his widow, a brother and two sisters, one of whom is respondent herein. Decedent named his wife, Adelaide, sole beneficiary and executrix of his estate. It appears that his entire estate was valued at less than $1,000 and that he died seized of no real property. On April 24, 1949, two weeks after decedent's death, his widow died, leaving a will, designating Bank of The Manhattan Company as executor.

Julia Murphy, sister of decedent, and respondent herein, filed a petition for the admission to probate of decedent's will and prayed that she be appointed administratrix with the will annexed. Bank of The Manhattan Company filed a notice of appearance, but does not appear to have taken any further part in these proceedings, whereupon the Public Administrator entered his appearance. Decedent's brother and other sister renounced any right to letters of administration, and consented to the appointment of respondent as administratrix.

The disposition of the issue herein hinges on the construction of the term " next of kin " as used in subdivision 4 of section 133 of the Surrogate's Court Act. Appellant contends that the statutes before 1914, as construed in *Matter of D'Adamo* (212 N. Y. 214) made consanguinity the sole test, while the 1914

amendments established the rule that the only persons entitled to letters of administration *c. t. a.* are those who share in the distribution of an estate. Respondent, with whom the Appellate Division agreed, maintains that section 133 of the Surrogate's Court Act gives respondent the unequivocal right to letters of administration *c. t. a.*

We agree with the Public Administrator. There is no inherent right to administer an estate; the right is clearly dependent on statute (*Matter of D'Agostino,* 88 Misc. 371, 375). It therefore becomes important to note the precise wording of the pertinent statutes. Section 133 of the Surrogate's Court Act, after designating those persons (legatees, devisees or their legal representatives) to whom letters of administration *c. t. a.* must be issued in order of priority, provides:

"4. If there is no such legatee or none who will accept, then to the husband, or wife, or to one or more of the next of kin, or to one or more of the heirs or devisees, so qualified. * * *

" 5. If there is no qualified person, entitled under the foregoing subdivisions, who will accept, then to the public administrator * * *.

" Except as to the right of priority as provided in this section, the provisions of section one hundred and eighteen of this act apply to an application for letters of administration with the will annexed."

Other relevant statutes so far as pertinent provide as follows: Section 118 of the Surrogate's Court Act: " WHO ENTITLED TO LETTERS OF ADMINISTRATION. Administration in case of intestacy must be granted to the persons *entitled to take or share in the personal property,* who are competent and will accept the same, in the following order ".

Section 81 of the Decedent Estate Law: " Whenever in *any* statute the words heirs, heirs at law, *next of kin,* or distributees, are used, such words shall be construed to mean and include the persons *entitled to take* as provided by this article."

Section 47-c of the Decedent Estate Law: " When used in a statute * * * and unless the statute * * * shall expressly or impliedly declare otherwise the terms * * * ' *next of kin* ' * * * shall be deemed and shall be construed to mean the *distributees* * * * who are defined in section eighty-three of Decedent Estate Law."

Section 83 of the Decedent Estate Law: " 4. If the deceased leaves a * * * brother or sister * * * and no descendant or parent, the surviving spouse shall take ten thousand dollars and one-half of the residue, and the balance shall descend and be distributed to the brothers and sisters and their representatives." (Emphasis supplied.)

Reading these statutes together, and particularly sections 81 and 47-c of the Decedent Estate Law, with subdivision 4 of section 133 of the Surrogate's Court Act, the words "next of kin " in the last section must " be construed to mean and include the persons entitled to *take* " under section 83 of the Decedent Estate Law. As respondent sister cannot take, first, because the will gives her nothing and there are no unbequeathed assets, and, secondly, the estate being less than $1,000, she could not take even if there were unbequeathed assets, she is not a " next of kin " under subdivision 4 of section 133 and may not have letters *c. t. a.* in preference to the Public Administrator. This without more would require a reversal here.

But the same result may be reached by reading sections 118 and 133 of the Surrogate's Court Act and subdivision 4 of section 83 of the Decedent Estate Law together with our decision in *Matter of D'Adamo* (*supra*), upon which the Appellate Division and respondent relied. Prior to our decision in *Lathrop* v. *Smith* (24 N. Y. 417) under the language of the Revised Statutes of New York (Vol. 2, p. 74, § 27), it had been held that one in the deferred class of the next of kin who is not beneficially interested in the estate would not be appointed as against a public administrator or creditor (*Matter of Root,* 1 Redf. 257; *Public Administrator* v. *Peters,* 1 Bradf. 100). In *Lathrop* v. *Smith* (*supra*), we held to the contrary. Statutory amendments subsequent to that decision caused a conflict in the lower court decisions (see cases collated in *Matter of Wolff,* 161 App. Div. 255, 260–261) until *Matter of D'Adamo* (*supra*), where we held that the changes of form effected no change of meaning, and that *Lathrop* v. *Smith* was applicable to section 2660 of the Code of Civil Procedure, as it was to the Revised Statutes.

At that time, section 2660 of the Code of Civil Procedure provided in part: " Administration in case of intestacy must be granted to the *relatives* of the deceased *entitled to succeed to his personal property,* who will accept the same, in the following

order ''. (Emphasis supplied.) However, in the 1914 revision of the Surrogate's Court Practice (L. 1914, ch. 443), section 2660 became section 2588 (now Surrogate's Ct. Act, § 118) and provided in part as follows: '' Administration in case of intestacy must be granted to the *persons entitled to take or share in the personal property,* who are competent and will accept the same, in the following order ''. (Emphasis supplied.) In other words, the language '' *persons* entitled to *take or share* in the personal property '' was substituted for '' *relatives* * * * entitled to *succeed* to his personal property '' (emphasis supplied). In the same revision, there was added to subdivision 5 of section 2603 (now Surrogate's Ct. Act, § 133, subd. 5) the following: '' Except as to the right of priority as provided in this section, the provisions of section 2588 of this chapter [now Surrogate's Ct. Act, § 118] apply to an application for letters of administration with the will annexed.''

The Legislature thereby expressly manifested its intention to bring both these sections (Code Civ. Pro., §§ 2588, 2603 [now Surrogate's Ct. Act, §§ 118, 133]) into harmony, and indeed the revisers' note to section 2603 reads: '' Whole section made to work with new § 2588 ''. (*Matter of Blackburn,* 171 Misc. 238, 240.) Thus it becomes apparent that the Legislature by these changes sought to overcome the effect of our decision in the *Lathrop* case (*supra,* p. 419), where we held '' that the legislature did not deem it essential to the right of administration, that the person administering should stand in a position *to take a share or portion of the deceased's personal estate* '' (emphasis supplied). The revisers in their note to section 2588 specifically stated: '' The general intention of the changes is to give only persons interested the right to administer.''

Judge Cardozo, speaking for a unanimous court, likewise pointed this out in *Matter of D'Adamo* (*supra,* p. 218), when he said: '' We content ourselves with stating our conclusion in this respect, because of amendments which have this year been adopted by the legislature. By chapter 443 of the Laws of 1914, which will take effect on September 1, 1914 [this case was decided on July 14, 1914], section 2660 of the Code of Civil Procedure has become section 2588, *and radical changes have been made in it. The result of these amendments will be to establish a new rule hereafter.* Discussion of the reasons

for our construction of the old rule would, therefore, serve no useful purpose." (Emphasis supplied.)

Thus the rule followed in *Matter of D'Adamo* (*supra*) is no longer the law. Under section 118 and subdivision 4 of section 133 of the Surrogate's Court Act, then, " next of kin " must be construed to mean " persons entitled to take " at the time of decedent's death (Decedent Estate Law, § 81). Kinship alone is not enough. Under subdivision 4 of said section 133, " next of kin " may be appointed only where they take under total or partial intestacy, and there are no persons under subdivisions 1, 2 and 3 qualified or willing to serve (*Matter of Cullinane,* 182 Misc. 830, 832). This brings said subdivision in harmony with section 118, as provided in subdivision 5 of section 133.

So the courts below have consistently held since *Matter of D'Adamo* (*supra*) — as to letters of administration *c. t. a.*: (*Matter of Hill,* 242 App. Div. 890; *Matter of Franko,* 169 Misc. 356; *Matter of Blackburn, supra;* 2 Butler on New York Surrogate Law & Practice, § 1262), — as to letters of administration generally: (*Matter of Grant,* 253 App. Div. 504; *Matter of Kassam,* 141 Misc. 366, affd. 235 App. Div. 609; *Matter of Wenkhous* [*Winkhous*], 158 Misc. 663; *Matter of Fagin,* 155 Misc. 533; *Matter of Duff,* 143 Misc. 905; *Matter of Bunimowitz,* 128 Misc. 518; *Matter of Fiumara,* 127 Misc. 794; *Matter of Elder,* 87 Misc. 79).

It seems quite clear that the present policy of the law is to grant letters of administration *c. t. a.* only to those who *actually* have an interest in the property to be administered, and in the absence of such persons, to the Public Administrator. This accords with reason and common sense, and is obviously done to bar disappointed relatives for whom no provision is made by the testator or the laws of intestacy from interference in an estate in which they have no interest, and to which they are complete strangers.

We now turn to the contention of respondent that she is a person interested in the estate (1) by reason of being a legatee of property standing in decedent's name, and (2) by reason of being entitled to share in any intestacy.

(1) Decedent's widow was the sole beneficiary under his will, which was offered for probate by respondent and duly probated. Respondent was not mentioned therein. There were no unbe-

queathed assets. The mere fact that she is a legatee under the will of *decedent's widow* of a mortgage participation certificate registered in decedent's name and indorsed by him did not create in respondent an interest in *decedent's estate,* but only in the widow's estate. She was therefore entitled " to take " nothing from his estate at the time of his death.

(2) Assuming decedent had died intestate as to any of his alleged assets, respondent had no intestate rights with respect thereto. By reason of subdivision 4 of section 83 of the Decedent Estate Law, the widow would have taken all in view of the fact that the total estate amounted to less than $1,000. Respondent's contention in her brief that the estate exceeded $10,000 is without any support whatsoever in the record, and is in direct contradiction of her verified petition that the value of the entire estate of decedent is " less than $1,000 ".

It follows that respondent was not a next of kin within the meaning of that term as used in subdivision 4 of section 133 of the Surrogate's Court Act. She was in no event " entitled to take " or share in the personal property of decedent. Accordingly, the order of the Appellate Division should be reversed and the decree of the Surrogates' Court affirmed, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Ordered accordingly.