A. Franklin Mahoney, S.
In connection with the probate of the last will and testament of the deceased herein two residuary legatees have petitioned for letters of administration c. t. a.
The deceased died on Juné 7, 1965 and her will was admitted to probate on June 23, 1965. The executor named in the will predeceased the testatrix.
Subdivision 2 of section 133 of the Surrogate’s Court Act provides that letters of administration with the will annexed must be issued to one or more of the residuary beneficiaries or, if any be dead, to his executor or administrator, when, as in the instant case, there is no executor qualified to act. Petitioner and cross petitioner each urge upon the court the uniqueness of his qualifications as contrasted with the alleged improvidence or want of understanding of his opponent (Surrogate’s Ct. Act, § 94). Further, each petitioner claims to represent a greater interest in the assets of the estate by reason of virtual representation of others interested in the estate. Also, the petitioner advances familiarity with the deceased’s affairs as a cogent reason for appointment while the cross petitioner, only blood relative of deceased, a brother, puts forward the spirit if not the content of section 118 of the Surrogate’s Court Act. Each admits, however, that the appointment is wholly discretionary with the court.
Prior to 1952 the requirements of section 118 (incorporated by reference into § 133) made mandatory the consideration of blood relationship between a contestant for letters c. t. a. and *900 the deceased. However, chapter 350 of the Laws of 1952 modified the provisions of section 133 to the extent that the discretionary powers of the Surrogate were somewhat broadened. While the 1952 amendment did not eliminate reference to the priority provisions of section 118, it did lessen the requirement of a' requisite appointment of a blood relative. All reference to section 118 was omitted in the 1958 amendment of section 133. The purpose of the 1958 amendment was to make clear that the discretion to appoint any one or more of the persons in the appropriate beneficiary class in section 133 is not limited or constrained by the priorities listed in section 118 (2 Warren’s Heaton, Surrogates’ Cts., § 197, p. 192 Supp.). Consequently, within any one of the classes of beneficiaries enumerated in section 133 the Surrogate may appoint the person or persons whose qualifications give the best assurance of an orderly and efficient administration.
In this case, while both petitioners have passed by a decade the biblical 3 score and 10, there is absolutely no proof before me that either is so improvident or lacking in understanding so as to be incompetent to execute the duties of an administrator. Therefore, the provisions of section 94 of the Surrogate’s Court Act are not applicable herein. However, the advanced ages of the petitioners suggest that no estate purpose would be served by appointing both as coadministrators. Administration should be a relatively easy matter since the estate assets consist of a farm and readily marketable securities.
The cases both prior and subsequent to the 1952 and 1958 amendments of section 133 cited by the parties hereto have been read and, in my view, fortify the position that such appointment is discretionary; the best interest of the estate is the scale upon which the qualifications of equal contestants must be weighed.
Therefore, since the petitioner, Mabel Piester Lant, has heretofore served as attorney in fact for the deceased, and, further, since the attorney for the petitioner was the committee of the property of the deceased prior to her death, and, in such capacity, obtained a Supreme Court order to sell certain real property, which certain property is an asset of this estate, it is, in my judgment, in the best interest of a prompt, orderly and efficient administration to grant letters of administration with the will annexed to the petitioner, Mabel Piester Lant. Submit letters.