John F. Bennison, S.
A petition has been filed by the County Treasurer of Montgomery County requesting the probate of an instrument dated May 3, 1950, as the last will and testament of the above-named decedent and that letters of administration c. t. a. be issued to the said petitioner. A renunciation was filed by the named executrix of said will and in .same she nominated her attorney to act in her stead, and she also gave him a general power of attorney.
The attorney has also filed a petition requesting that letters of administration c. t. a. be issued to him. The attorney petitioner alleges that he is well acquainted with the assets of the estate and that he has done considerable business in recent years for the named executrix, who is also the sole residuary legatee, and believes that he is better qualified to act in the capacity of administrator than the County Treasurer. In his brief he states: “ But unusual or exceptional circumstances are *309 recognized and given effect by the court, as in the case of an attorney familiar with the estate. See Matter of Craig, 8 Misc 2d 231 * * * and Re Rowe's Will, [46 Misc 2d 899].” His reasoning raises the question of whether the order of priority of persons entitled to letters of administration c. t. a., as set forth in section 133 of the Surrogate’s Court Act, could be disturbed in such event. The opinion in Matter of Murphy (304 N. Y. 232, 236) is specific on this point where it states: “ There is no inherent right to administer an estate; the right is clearly dependent on statute * * *. It therefore becomes important to note the precise wording of the statutes.” Section 133 of the Surrogate’s Court Act states the order of priority of the persons entitled to letters of administration c. t. a. and provides in part:
“3. If there is no qualified person entitled to letters under subdivisions one or two hereof who will accept, then, in the discretion of the surrogate, to one or more of the persons interested in the estate or, if any be dead, to his executor or administrator;
“ 4. If there is no qualified person entitled to letters under the foregoing subdivisions who will accept, then to the public administrator or, if there be none for the county, then to the treasurer of the county or, in the discretion of the surrogate, to the petitioner or if none of the foregoing will accept, to any person designated by the surrogate.”
Section 314 of the Surrogate’s Court Act provides in part: “ 10. The expression, 1 persons interested, ’ where it is used in connection with an estate or fund, includes every person entitled, either absolutely or contingently, to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise except as a creditor. ’ ’
In the Matter of Murphy (supra, p. 239) the court states: “ It seems quite clear that the present policy of the law is to grant letters of administration c. t. a. only to those who actually have an interest in the property to be administered, and in the absence of such persons, to the Public Administrator. This accords with reason and common sense, and is obviously done to bar disappointed relatives for whom no provision is made by the testator or the laws of intestacy from interference in an estate in which they have no interest, and to which they are complete strangers.”
From the above it would appear that the attorney petitioner by reason of his status as attorney in fact for a “ person interested” does not in. fact become a “ person interested” himself.
*310 The court finds no precedent to extend the order of priorities under section 133 of the Surrogate’s Court Act to an attorney in fact. (Matter of Kassam, 141 Misc. 366.) The attorney petitioner cites legal authority which holds that duly appointed guardians and committees qualify as administrator and attempts to parallel same to an attorney in fact. However, the court dispels any opinion on this point as inapplicable for the reason that such guardians and committees fall specifiely within section 133 of the Surrogate’s Court Act, which provides in part: “ 4. * * * If any person otherwise entitled to letters under subdivisions one, two or three hereof is an infant or an adjudged incompetent the surrogate, in his discretion, may issue letters to the general guardian of the property of such infant or the committee of the property of such incompetent with the same priority as if the infant or incompetent had himself been qualified to take letters,”
As between the County Treasurer and the attorney in fact, who has no actual interest in this estate, the court has no discretion in the appointment other than to follow the wording of section 133 of the Surrogate’s Court Act.
The petition of the attorney in fact herein is dismissed. Letters of administration c. t. a. will issue to Theodore F. Beer, Montgomery County Treasurer.